■ HARLAN ABRAMOWITZ et al., Respondents-Appellants, v REZA M. MAGHSOUDLOU et al., Defendants, STAR PONTIAC CORP., Appellant, and G.O. TIRES, INC., Respondent. [745 NYS2d 36] —In an action to recover damages for personal injuries, the defendant Star Pontiac Corp. appeals (1) from an order of the Supreme Court, Richmond County (Minardo, J.), dated March 30, 2001, which denied its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it, and (2), as limited by its brief, from so much of an order of the same court, also dated March 30, 2001, as granted that branch of the cross motion of the defendant G.O. Tires, Inc., which was for summary judgment dismissing its cross claims, and the plaintiffs appeal, as limited by their brief, from so much of the latter order as granted that branch of the cross motion of G.O. Tires, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order dated March 30, 2001, which denied the motion of Star Pontiac Corp. is reversed, on the law, the motion is granted, and the complaint and cross claims are dismissed insofar as asserted against the defendant Star Pontiac Corp., and the action against the remaining defendants is severed; and it is further,

Ordered that the order dated March 30, 2001, which granted the cross motion of the defendant G.O. Tires, Inc., is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants Star Pontiac Corp. and G.O. Tires, Inc.

The defendant Star Pontiac Corp. established its entitlement to judgment as a matter of law by proving that it had no duty to warn the defendant Reza M. Maghsoudlou of the dangers associated with driving with different size tires at excessive speeds and for long distances because Maghsoudlou was already aware of the danger (*see Trivino v Jamesway Corp.,* 148 AD2d 851). In any event, even if Star Pontiac did have a duty to warn Maghsoudlou, the vehicle sold to him was equipped with an owner's manual which contained a warning against using different size tires (*see Collins v Rockbottom Stores,* 279 AD2d 443). Furthermore, the defendant G.O. Tires, Inc., met its burden of proving that it had no duty to warn Maghsoudlou

of the dangers of driving with different size tires at excessive speeds and for long distances. In opposition, the plaintiffs failed to raise a triable issue of fact. Florio, J.P., Smith, Friedmann and H. Miller, JJ., concur.