**FORD MOTOR COMPANY and Eby Ford Lincoln Mercury a/k/a Eby Ford Sales, Inc., Appellants–Defendants,**

v.

**Marilyn RUSHFORD, Appellee–Plaintiff.**

No. 20A03–0506–CV–293.

Court of Appeals of Indiana.

April 11, 2006.

Rehearing Denied June 6, 2006.

Eric A. Riegner, Nelson D. Alexander, Locke Reynolds, Indianapolis, for Appellant.

Mark J. Piasecki, South Bend, for Appellee.

**OPINION**

SHARPNACK, Judge.

Ford Motor Company ("Ford") and Eby Ford Lincoln Mercury a/k/a Eby Ford Sales, Inc. ("Eby") appeal the trial court's denial of their collective motion for summary judgment. Ford and Eby raise three issues, which we consolidate and restate as whether the trial court erred by denying their motion for summary judg-

ment. We affirm in part, reverse in part, and remand.

The relevant facts designated by the parties follow. In early May 2002, Marilyn Rushford ("Rushford") and her husband, Charles Rushford ("Charles"), bought a new 2002 Ford Focus from Eby. The vehicle contained the following warning on the passenger side visor:

! WARNING

**DEATH or SERIOUS INJURY can occur** Children 12 and under can be killed by the air bag The BACK SEAT is the SAFEST place for children NEVER put a rear-facing child seat in the front Sit as far back as possible from the air bag ALWAYS use SEATBELTS and CHILD RESTRAINTS

Appellant's Appendix at 29, 31. To the left of the warning was a pictogram of a child in a car seat. Rushford saw but did not read the warning on the sun visor. The owner's manual in the vehicle contained the following warning:

**Seating and Safety Restraints**

While the system is designed to help reduce serious injuries, it may also cause abrasions, swelling or temporary hearing loss.

Because air bags must inflate rapidly and with considerable force, there is the risk of death or serious injuries such as fractures, facial and eye injuries or internal injuries, particularly to occupants who are not properly restrained or are otherwise out of position at the time of air bag deployment. Thus, it is extremely important that occupants be properly restrained as far away from the air bag module as possible while maintaining vehicle control.

\* \* \* \* \* \*

Appellee's Appendix at 100005. Rushford did not read the owner's manual. Rushford has never driven a car, and she told

the salesman at Eby that she did not drive. No one at Eby told Rushford that the owner's manual contained a warning regarding the air bags.

On May 31, 2002, Charles was driving the Focus, and Rushford was in the front passenger seat as they were attempting to turn left and were involved in a front-end collision with another car. During the collision, Rushford's air bag deployed, and she suffered injuries.

In April 2004, Rushford filed a complaint against Ford and Eby and alleged a product liability claim and a negligence claim for their failure to provide an adequate warning as to the potential hazards of front seat air bags to short people.[1] Specifically, in Count I, Rushford alleged that Ford and Eby placed a defective vehicle into the stream of commerce because they "failed to provide reasonable, adequate warnings as to the danger from front seat air bags to adult passengers such as [Rushford,[2]]" and in Count II, she alleged that Ford and Eby were "negligent in failing to place a warning in the 2002 Ford Focus . . . that the deployment of the air bags could cause injury to adults such as [Rushford]." Appellant's Appendix at 9–10. Rushford alleged that the deployment of the air bag in the Ford Focus caused her to suffer "the loss of her left thumb, along with degloving injury to her

left hand, acute cervical fracture, left wrist fracture, and a laceration to the back of her head." *Id.* at 10.

In Rushford's answers to interrogatories from Ford, she stated that her inadequate warning claim was based on Ford's failure to provide any warning or notice that people other than small children could be injured by the air bags. During Rushford's deposition, she testified that the sun visor warning should not have been limited to children and also should have provided a warning for short adults.

Ford and Eby then filed a motion for summary judgment and argued that: (1) Rushford's claims that the sun visor warning should contain language warning short people were impliedly preempted by federally mandated air bag warnings; (2) Rushford had failed to present any evidence to overcome the rebuttable presumption set forth in Ind.Code § 34–20–5–1;[3] and (3) Rushford's admitted failure to read any of the warnings in the vehicle or the owner's manual negated an essential element, i.e., proximate cause, of her claims. Rushford filed a response to Ford and Eby's summary judgment motion and designated evidence in support of that response.[4] In Rushford's response, she continued to allege that the Ford Focus was defective because Ford and Eby "failed to provide

---

1. Rushford made no allegations that the vehicle or air bag was defectively designed or manufactured.

2. At the time of the collision, Rushford was seventy years old, her height was four feet, eleven inches, and her weight was 162 pounds.

3. Ind.Code § 34–20–5–1 provides:

 In a product liability action, there is a rebuttable presumption that the product that caused the physical harm was not defective and that the manufacturer or seller of the product was not negligent if, before the sale by the manufacturer, the product:

 (1) was in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, and labeled; or

 (2) complied with applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States or by Indiana, or by an agency of the United States or Indiana.

4. Some of Rushford's designated evidence has not been included in either Appellant's Appendix or Appellee's Appendix.

adequate warning or notice that people other than small children could be injured by the front seat air bag[,]" *Id.* at 78, but she also alleged that Ford and Eby failed to orally warn her that the owner's manual contained an air bag warning. Ford and Eby then filed their reply and a motion to strike two exhibits in Rushford's designated evidence.

The trial court held a hearing,[5] and thereafter, issued the following order denying Ford and Eby's motion for summary judgment: "Court having taken [Ford and Eby's] motion for summary judgment under advisement, now denies [Ford and Eby's] motion for summary judgment." [6] *Id.* at 8. Ford and Eby filed a motion to certify the trial court's order for interlocutory appeal, and the trial court granted the motion and certified its order. Thereafter, we accepted jurisdiction of this interlocutory appeal.

The sole issue is whether the trial court erred by denying Ford and Eby's motion for summary judgment. Our standard of review for a trial court's denial of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.,* 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Id.* Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.*

■ Here, Rushford alleged claims for failure to adequately warn based on Indiana's Product Liability Act ("the Act").

*See generally* Ind.Code §§ 34–20–1–1 to 34–20–9–1. The Act "governs all actions that are: (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product ... regardless of the substantive legal theory or theories upon which the action is brought." Ind.Code § 34–20–1–1. A product may be defective within the meaning of the Act because of a manufacturing flaw, a defective design, or a failure to warn of dangers in the product's use. *Baker v. Heye–America,* 799 N.E.2d 1135, 1140 (Ind.Ct.App.2003), *trans. denied.* "[I]n an action based on ... an alleged failure to provide adequate warnings or instructions regarding the use of the product, the party making the claim must establish that the manufacturer or seller failed to exercise reasonable care under the circumstances in ... providing the warnings or instructions." Ind.Code § 34–20–2–2.

■ Cases alleging a failure to adequately warn under the Act sound in negligence. The party making such a claim is required to present proof of negligence, James L. Petersen, *Tort Reform, Act No. 1741,* 39 RES GESTAE 24, 24 (Sept.1995), which has three elements: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the defendant's breach. *Rhodes v. Wright,* 805 N.E.2d 382, 385 (Ind.2004). In negligence cases, summary judgment is rarely appropriate. *Id.* at 387. "This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the

---

5. The transcript from the summary judgment hearing is not included in the record before us on appeal.

6. The record before us does not reveal that the trial court ever ruled on Ford and Eby's motion to strike.

evidence." *Id.* Nevertheless, a defendant is entitled to judgment as a matter of law when the undisputed material facts negate at least one element of the plaintiff's claim. *Id.* at 385.

In their appellant's brief, Ford and Eby argue that the trial court erred by denying their motion for summary judgment because: (1) Rushford's claim that the in-vehicle warning on the sun visor needed to include a warning to short people was preempted by the Federal National Traffic and Motor Vehicle Safety Act ("Safety Act") and the safety regulation promulgated thereunder, Federal Motor Vehicle Safety Standard ("FMVSS") 208; (2) Ford and Eby's duty to warn was discharged by the warning on the sun visor and the warning in the owner's manual, which Rushford admitted was adequate; and (3) Rushford's failure to read the air bag warnings on the sun visor and in the owner's manual negated Rushford's ability to prove that the allegedly inadequate warnings were the proximate cause of her injuries.

In Rushford's appellee's brief, she claims that the "issue in this case is not about conflict preemption [because her] products liability claim does not seek to require additional or different in-vehicle warnings." Appellee's Brief at 3. Instead, Rushford contends that her claim against Ford and Eby is that they "failed to provide her with adequate notice of the air bag warning that was in the owner's manual" and that the failure to warn her about the warning in the owner's manual was a breach of duty to give adequate warning. *Id. See also id.* at 7 ("Marilyn Rushford's lawsuit is based on the failure to provide notice of the air bag warning in the owner's manual. She is not arguing that there should be additional in-vehicle warnings or

in-vehicle warnings with a different emphasis.") Rushford further contends that "the air bag warning in the owner's manual would have been adequate if she had seen it" and that "the placement of the warning in the owner's manual without notifying her was not adequate notice because she does not drive." *Id.* at 7. Thus, Rushford contends that the trial court properly denied Ford and Eby's motion for summary judgment because they breached their duty to warn her by not providing her with notice that the owner's manual contained an air bag warning after she told Eby that she did not drive. Therefore, we will consider the issue of duty for each of the defendants.

### A. *Ford*

 Ford concedes that it owed a duty to warn Rushford of the dangers associated with the vehicle's air bags but contends that it discharged that duty to warn when it included a warning on the sun visor and a warning in the owner's manual. The duty to warn consists of two duties: (1) to provide adequate instructions for safe use, and (2) to provide a warning as to dangers inherent in improper use. *McClain v. Chem–Lube Corp.,* 759 N.E.2d 1096, 1103 (Ind.Ct.App.2001), *trans. denied.*

Here, the designated evidence reveals that the sun visor warning warned that "**DEATH or SERIOUS INJURY can occur**[,]" to "Sit as far back as possible from the air bag[,]" and to "ALWAYS use SEATBELTS[.]" Appellant's Appendix at 29, 31 (emphasis in original).[7] The owner's manual warned that "[b]ecause air bags must inflate rapidly and with considerable force, there is the risk of death or serious injuries ... particularly to occupants who

---

7. The visor warning was not limited to concern for children. The admonition, "*Sit as far back as possible from the air bag,*" Appel-

lant's Appendix at 29 (emphasis added), is clearly addressed to any user of the automobile.

are not properly restrained or are otherwise out of position at the time of air bag deployment" and "that it is extremely important that occupants be properly restrained as far away from the air bag module as possible while maintaining vehicle control." Appellee's Appendix at 100005.

Rushford, who is one of the owners of the vehicle, concedes that the warning in the owner's manual was adequate to warn her of the potential dangers that the air bags can impose on all front seat passengers but contends that Ford had a duty to warn her that the owner's manual contained an air bag warning because she told Eby that she did not drive. However, because Rushford alleges a claim based on Ford's alleged failure to provide adequate warnings, she is required to show that Ford "failed to exercise reasonable care under the circumstances ... in providing the warnings or instructions." Ind.Code § 34–20–2–2. To the extent that Rushford alleges that Ford had a duty to warn her based on her peculiarity as a nondriver owner, there is no designated evidence that Ford had such knowledge or that Eby was an agent of Ford such that Ford could be charged with any knowledge of Eby. Therefore, Ford cannot be charged with such knowledge and cannot be held liable for failing to act on knowledge not held. Cf. Federal Kemper Ins. Co. v. Brown, 674 N.E.2d 1030, 1033 (Ind.Ct.App.1997) (holding that "the law imputes an agent's knowledge, acquired while the agent was acting within the scope of his agency, to the principal, even if the principal does not actually know what the agent knows"), reh'g denied, trans. denied.

■ Whether a particular act or omission is a breach of duty is generally a question of fact for the jury, but can be a question of law where the facts are undisputed and only a single inference can be drawn from those facts. Northern Ind. Pub. Serv. Co. v. Sharp, 790 N.E.2d 462, 466 (Ind.2003). Based on the designated evidence, we conclude that Ford has shown that there is not a genuine issue of material fact regarding whether Ford discharged its duty to warn when it provided Rushford with warnings that Rushford concedes were adequate. Therefore, Ford has negated a material element of Rushford's claim by showing that it did not breach its duty. Accordingly, we conclude that the trial court erred by denying Ford's motion for summary judgment. See, e.g., Rhodes, 805 N.E.2d at 385 (holding that a defendant is entitled to judgment as a matter of law when the undisputed material facts negate at least one element of the plaintiff's claim).

### B. Eby

■ Eby also acknowledges that it had a duty to warn but argues that it did not have a duty to warn of dangers already communicated by the manufacturer, Ford. Eby argues that any duty it had was satisfied "by ensuring that the vehicle, when sold, contain[ed] the owner's manual that Ford created." Appellant's Reply Brief at 4.

As stated above, because Rushford alleges a claim based on Eby's alleged failure to provide adequate warnings, she is required to show that Eby "failed to exercise reasonable care under the circumstances ... in providing the warnings or instructions." Ind.Code § 34–20–2–2. The "circumstances" of this case include the facts that Rushford and her husband bought a vehicle from Eby, the vehicle contained air bag warnings on the sun visor and in the owner's manual, Rushford told the salesman at Eby that she did not drive, the salesman did not tell her that there was an air bag warning in the own-

er's manual, and Rushford did not read the owner's manual.

The parties dispute whether it was reasonable for Eby to not advise Rushford of the warning in the owner's manual based on Eby's knowledge that Rushford did not drive. Rushford argues that Eby breached its duty to warn when it failed to tell her about the air bag warning in the owner's manual after she told Eby that she was not a driver because that it "is reasonable to assume that a person who does not drive is not likely to review the owner's manual." Appellee's Brief at 8. Eby argues that it was not reasonable for Eby to take its knowledge that Rushford did not drive to mean that she would not read the manual, thereby requiring Eby to tell Rushford that there was another air bag warning in the owner's manual.

 Whether a particular act or omission is a breach of duty is generally a question of fact for the jury. *Sharp*, 790 N.E.2d at 466. We cannot say as a matter of law that under these circumstances it was reasonable for Eby to not further advise Rushford of the warning in the owner's manual. Unlike Ford, who did not know of Rushford's peculiar characteristic as a nondriver owner, Eby knew that Rushford did not drive. Whether it was reasonable for Eby, based on its knowledge that Rushford did not drive, to not warn her to read the air bag warning in the owner's manual is a question of fact for the jury to decide. "Even if it appears that the nonmoving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences." *PSI Energy, Inc. v. Home Ins. Co.*, 801 N.E.2d 705, 713 (Ind.Ct.App.2004), *trans. denied.* Thus, the trial court properly denied Eby's motion for summary judgment.

For the foregoing reasons, we affirm the trial court's denial of Eby's motion for summary judgment, reverse the trial court's denial of Ford's motion for summary judgment, and remand to the trial court.

Affirmed in part, reversed in part, and remanded.

BARNES, J. and RILEY, J. concur.