ATTORNEYS FOR APPELLANTS
Eric A. Riegner
Nelson D. Alexander
Locke Reynolds LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Mark J. Piasecki
South Bend, Indiana

# In the
# Indiana Supreme Court

No. 20S03-0610-CV-350

FORD MOTOR COMPANY AND EBY FORD
LINCOLN MERCURY A/K/A EBY FORD
SALES, INC.,

*Appellants (Defendants below),*

v.

MARILYN RUSHFORD,

*Appellee (Plaintiff below).*

Appeal from the Elkhart Superior Court, No. 20D01-0404-CT-296
The Honorable L. Benjamin Pfaff, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 20A03-0506-CV-293

**June 29, 2007**

**Rucker, Justice.**

**Summary**

A retail merchant has a duty to warn a buyer of the danger posed by a product it sells. However, absent special circumstances not present in this case, if the manufacturer provides adequate warnings of the danger of the product and the seller passes these warnings along to the buyer or consumer, then the seller has discharged its duty to warn.

**Facts and Procedural History**

In May 2002, along with her husband, then seventy-year-old Marilyn Rushford purchased a new 2002 Ford Focus Wagon from Eby Ford Lincoln Mercury a/k/a Eby Ford Sales, Inc. ("Eby"). When the couple bought the car, Rushford informed the Eby salesperson that she had never driven an automobile. The car contained the following warning that was visible when the passenger side visor was placed in the down position:

> ! WARNING
>
> DEATH or SERIOUS INJURY can occur
>
> - Children 12 and under can be killed by the air bag
>
> - The BACK SEAT is the SAFEST place for children
>
> - NEVER put a rear-facing child seat in the front
>
> - Sit as far back as possible from the air bag
>
> - ALWAYS use SEAT BELTS and CHILD RESTRAINTS

Appellant's App. at 29. The warning included a pictogram illustrating the danger of an air bag inflating against a rear-facing child seat positioned in the front passenger side of the car. Rushford saw the warning and knew it was there, but did not read it, at least not word-for-word. She had read a similar visor warning in another Ford automobile that she and her husband had owned, and she assumed that the warning in their new car addressed child safety only.[1]

---

[1] Contrary to Rushford's assumption, it is clear that the visor warning was not addressed solely to the safety of children. The admonition, "Sit as far back as possible from the air bag" is addressed to any user of the automobile.

In addition to the warning on the visor, the owner's manual that came with the new car provided among other things:

**Seating and Safety Restraints**

While the system is designed to help reduce serious injuries, it may also cause abrasions, swelling or temporary hearing loss. Because air bags must inflate rapidly and with considerable force, there is the risk of death or serious injuries such as fractures, facial and eye injuries or internal injuries, particularly to occupants who are not properly restrained or are otherwise out of position at the time of air bag deployment. Thus, it is extremely important that occupants be properly restrained as far away from the air bag module as possible while maintaining vehicle control.

Appellee's App. at 100005. No one at Eby informed Rushford or her husband that the owner's manual contained a warning addressing air bags. And, according to Rushford, because she does not drive, she did not read the manual. Appellee's Br. at 8.

A few weeks after purchasing the car, Rushford was traveling in the front passenger seat and her husband was driving. He collided with another car, the front-seat passenger-side air bag deployed, and Rushford sustained injuries.[2] Thereafter, Rushford filed a two-count product liability complaint against both Ford Motor and Eby. Count one was based upon strict liability in tort and alleged the car was in a defective condition and unreasonably dangerous because Ford Motor and Eby "failed to provide reasonable, adequate warnings as to the danger from the front seat air bags to adult passengers such as plaintiff." Appellant's App. at 9-10. Count two alleged negligence on the part of Ford Motor and Eby "in failing to place a warning in the 2002 Ford

---

[2] Specifically, Rushford alleged that she "suffered the loss of her left thumb, along with [a] degloving injury to her left hand, acute cervical fracture, left wrist fracture, and a laceration to the back of her head." Appellant's App. at 10.

Focus Wagon the plaintiff was traveling in at the time of her injury that the deployment of the air bags could cause injury to adults such as the plaintiff." Id. at 10.

During discovery, in answers to interrogatories posed by Ford Motor, Rushford stated that her inadequate warning claim was based upon Ford Motor's failure to provide any warnings or notice that people other than small children could be injured by the air bags. In her deposition Rushford testified that the visor warning should not have been limited to children but should have provided warnings for short adults. Rushford conceded that warnings in the owner's manual "would have been adequate if she had seen it." Appellee's Br. at 7.

Ford Motor and Eby moved for summary judgment. They contended: (1) Rushford's claims that the visor warning should contain additional language were impliedly preempted by federally mandated air bag warnings; (2) Rushford failed to present any evidence to overcome the rebuttable presumption that the automobile was not defective in that the written warnings complied with applicable safety regulations;[3] and (3) Rushford's admitted failure to read any of the warnings or the owner's manual negated proximate cause, an essential element of her claim. The trial court entered an order denying Eby and Ford Motor's motion for summary judgment and certified its order for interlocutory review. The Court of Appeals accepted jurisdiction and concluded among other things that Ford Motor discharged its duty to warn when it provided Rushford with warnings on the visor as well as in the owner's manual. Accordingly, the Court of Appeals reversed the trial court's denial of Ford Motor's motion for summary judgment. Ford Motor Co. v. Rushford, 845 N.E.2d 197, 203 (Ind. Ct. App. 2006). On transfer, Rushford does not contest the Court of Appeals' ruling on this issue.

Concerning Eby, the Court of Appeals determined there was a genuine issue of material fact as to whether it was reasonable for Eby not to warn Rushford to read the air bag warning in the owner's manual. Accordingly, the Court of Appeals affirmed the trial court's denial of Eby's

---

[3] See Ind. Code § 34-20-5-1 ("In a product liability action, there is a rebuttable presumption that the product that caused the physical harm was not defective and that the manufacturer or seller of the product was not negligent if, before the sale by the manufacturer, the product . . . complied with applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States or by Indiana, or by an agency of the United States or Indiana.").

motion for summary judgment. Having previously granted transfer we now reverse the judgment of the trial court on this issue. Except as otherwise provided we summarily affirm the Court of Appeals' opinion. See Ind. Appellate Rule 58(A)(2).

**Discussion**

Indiana's Product Liability Act imposes liability upon sellers of a product in a defective condition unreasonably dangerous to any user or consumer. Morgen v. Ford Motor Co., 797 N.E.2d 1146, 1148 (Ind. 2003). The Act "governs all actions that are: (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product . . . regardless of the substantive legal theory or theories upon which the action is brought." I.C. § 34-20-1-1.

In this case Rushford proceeded under theories of both negligence and strict liability in tort. To prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach. Benton v. City of Oakland City, 721 N.E.2d 224, 232 (Ind. 1999). Similarly, with respect to strict liability actions, the plaintiff must prove that: (1) the product was defective and unreasonably dangerous; (2) the defective condition existed at the time the product left the defendant's control; and (3) the defective condition was the proximate cause of the plaintiff's injuries. Coffman v. PSI Energy, Inc., 815 N.E.2d 522, 527 (Ind. Ct. App. 2004).

Under either theory a product may be defective under the Act where the manufacturer fails in its duty to warn of a danger or instruct on the proper use of the product as to which the average consumer would not be aware. Hoffman v. E.W. Bliss Co., 448 N.E.2d 277, 281 (Ind. 1983) ("[T]he defect can be that the product was defectively designed, defectively manufactured, or that the manufacturer failed to supply adequate warnings or instructions as to the dangers associated with its use."). This duty is twofold: (1) to provide adequate instructions for safe use and (2) to provide a warning as to dangers inherent in improper use. "[I]n an action based on . . . an alleged failure to provide adequate warnings or instructions regarding the use of the product,

5

the party making the claim must establish that the manufacturer or seller failed to exercise reasonable care under the circumstances in . . . providing the warnings or instructions." I.C. § 34-20-2-2. Although the adequacy of warnings, which implicates breach of duty, is generally a question of fact for the trier of fact to resolve, the nature of the duty to provide warnings is a question of law to be decided by the court. Benton, 721 N.E.2d at 232. Absent a duty, there can be no breach of duty and thus no negligence or liability based upon the breach. Peters v. Forster, 804 N.E.2d 736, 738 (Ind. 2004).

Rushford does not contest the adequacy of either the air bag warning on the visor or the warning in the owner's manual. Indeed Rushford concedes that the warning in the owner's manual "would have been adequate if she had seen it." Appellee's Br. at 7. Rather she contends, "Marilyn Rushford's lawsuit is based on the failure to provide notice of the air bag warning in the owner's manual." Id. In essence Rushford's claim is that because Eby knew that she did not drive and because Eby observed her physical stature – four feet eleven inches tall and 162 pounds – Eby should have advised her that the owner's manual contained air bag warnings. According to Eby, Rushford complains that the car dealer should have given her "a warning to read the warnings." Appellant's Reply Br. at 1-2.

The Court of Appeals analyzed Rushford's claim in the context of breach of duty. According to the court Rushford was required to show that "Eby 'failed to exercise reasonable care under the circumstances . . . in providing the warnings or instructions.'" Rushford, 845 N.E.2d at 202 (quoting I.C. § 34-20-2-2). The court concluded, "Whether it was reasonable for Eby, based on its knowledge that Rushford did not drive, to not warn her to read the air bag warning in the owner's manual is a question of fact for the jury to decide." Rushford, 845 N.E.2d at 203. We disagree with our colleagues on this point. Rather than focusing upon the breach of a preexisting duty, we see this case as presenting the question of whether a duty existed in the first instance. That is to say, what duty to warn of dangers does a retail seller owe to a user or consumer of a product when such dangers already have been communicated by the product's manufacturer. Stated somewhat differently, once the manufacturer has warned a user or consumer of a particular danger, what duty do we impose on the retail seller to give additional warnings of the same danger.

6

We acknowledge that the seller of a product that, to its knowledge, involves danger to users has a duty to give a warning of such danger at the time of sale and delivery. See Natural Gas Odorizing, Inc. v. Downs, 685 N.E.2d 155, 162 (Ind. Ct. App. 1997) ("[T]he manufacturer, seller or distributor of a product has a duty to warn those persons it should reasonably foresee would be likely to use its product or who are likely to come into contact with the danger inherent in the product's use.") (citing 63A Am. Jur. 2d Products Liability § 1188 (1997)). But in the absence of any evidence that the product has been modified in some fashion and that the seller knew or should have known of any such modification, its duty to warn is discharged where the seller provides the buyer with the manufacturer's warning of the danger at issue. In other words absent special circumstances, if the manufacturer provides adequate warnings of the danger of its product and the seller passes this warning along to the buyer or consumer, then the seller has no obligation to provide additional warnings.

We find support for this view in Dias v. Daisy-Heddon, 390 N.E.2d 222 (Ind. Ct. App. 1979). In that case the court determined, "Where warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous." Id. at 225 (quoting Restatement (Second) of Torts § 402A cmt. J. (1976)) (concluding that if a user of a BB gun had followed the instructions, then the gun would not have misfired causing an injury). See also Abramowitz v. Maghsoudlou, 745 N.Y.S.2d 36, 37 (N.Y. App. Div. 2002) (finding no liability for car dealership failing to warn of dangers associated with tire size where "the vehicle sold to [buyer] was equipped with an owner's manual which contained a warning against using different size tires"); Farmer v. Brannan Auto Parts, Inc., 498 S.E.2d 583, 584 (Ga. Ct. App. 1998) ("Although a distributor has a duty to communicate to customers and users the dangers of a product, we hold that duty did not arise here because the manufacturer of [the alleged defective product] had already warned consumers of the particular danger at issue.").

In this case there is no dispute about the adequacy of the air bag warnings contained in the owner's manual provided by the manufacturer. Nor is there any dispute that the owner's manual was provided with the 2002 Ford Focus Wagon when Eby sold it to Rushford. Further,

7

there is no claim that the automobile was modified or altered such that the manufacturer's warnings would be insufficient to place Rushford on notice concerning air bag danger. Thus, we conclude that having provided Rushford with the manufacturer's warning, Eby was under no duty to give Rushford additional warnings, including advising Rushford to read the manufacturer's warnings based on Eby's knowledge of "Rushford's peculiar characteristic." Rushford, 845 N.E.2d at 203. To conclude otherwise would place retail sellers like Eby in the position of attempting to determine which particular manufacturer warnings may be of unique importance to an individual consumer and then direct the consumer's attention to those warnings. In our view this is an untenable position and an unnecessary burden.

## Conclusion

We reverse that portion of the trial court's order denying Eby's motion for summary judgment. This cause is remanded with instructions to enter summary judgment in Eby's favor.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.