Robb, Judge,
concurring in result.
I respectfully concur in result. Although I agree the trial court’s decision should be reversed, I cannot agree that it should be reversed on the basis the Appellants owe no duty to Abel. As the majority notes, as owners/operators of the Park, the Appellants have a duty to recreational users of their freshwater lake to maintain it in “reasonably safe manner.” Slip op. at ¶ 14 (quoting Benton v. City of Oakland City, 721 N.E.2d 224, 230 (Ind. 1999)). I am unwilling to say the Appellants have no duty as a matter of law to test for, warn against, or treat Naegleria fowleri because even though no one using the Park had contracted PAM prior to Abel, the de facto presence of the amoeba in freshwater’ lakes and the devastating consequences of infection were known generally. My objection to deciding this case based on “duty” is that declaring as a matter of law the Appellants had no duty here means that even though the presence of the amoeba is now specifically known within the Park and the serious consequences of infection are clear, the Appellants would be absolved of any responsibility with respect to foreseeable harm the presence of the amoeba might cause going forward. Cf. N. Ind. Pub. Serv. Co. v. Sharp, 790 N.E.2d 462, 465 (Ind. 2003) (noting the three-part balancing test articulated in Webb v. Jarvis, 575 N.E.2d 992 (Ind. 1991), for determining whether a duty exists “is a useful tool in determining whether a duty exists ... only in those instances where the element of duty has not already been declared or otherwise articulated”). Even though there had been no known cases of PAM in Indiana prior to this and even though an extremely small number of cases have occurred nationally, the common existence of the amoeba in warm freshwater lakes has been known for at least five decades. I would say owners and operators of freshwater recreational areas do have a duty to know about the amoeba; the harm it can cause; and the options for and efficacy of testing, treatment, and warnings to users. That the Appellants’ did not test for, treat, or warn of the possible presence of the amoeba was not because they made a conscious choice based on available research and recommendations, but because they were simply unaware. Although the organism had not previously been identified in this body of water, I believe the ubiquitous nature of this amoeba should have put the Appellants on notice that it was most likely present in their lake and satisfies the foreseeability element of duty.
Having said that, I do not believe the Appellants breached their duty. See Ford Motor Co. v. Rushford, 868 N.E.2d 806, 810 (Ind. 2007) (stating the plaintiff is required to prove a duty owed by the defendant, a breach of that duty, and injury proximately caused by the breach to prevail on a claim of negligence). Although they should have foreseen the amoeba could be present in the lake, based on the peculiarities of this organism, the rate of infection compared to the rate of exposure, and the fact that no one had previously contracted PAM in Indiana let alone in the Park, I would hold the Appellants could not have anticipated that harm would come to Abel from using the lake on this occasion. I therefore concur in reversing the trial court’s denial of the Appellants’ motions for summary judgment.