# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 09 2018, 5:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

P. Gregory Cross
THE CROSS LAW FIRM, P.C.
Muncie, Indiana

Danyel N. Struble
BEASLEY & GILKISON, LLP
Muncie, Indiana

ATTORNEYS FOR APPELLEES

Michelle A. Spahr
Bradley J. Wombles
Cynthia E. Lasher
NORRIS CHOPLIN
SCHROEDER LLP
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Katie Haney,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Space Walk, Space Walk of Fishers, Shawn Burgess, Angie Burgess,<br>*Appellees-Defendants.*[1] | October 9, 2018<br><br>Court of Appeals Case No. 18A-CT-33<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable Marianne L. Vorhees, Judge<br><br>Trial Court Cause No. 18C01-1508-CT-41 |

---

[1] In her original complaint, Katie Haney misnamed defendants Space Walk and Space Walk of Fishers. The proper names for the defendants, now appellees, respectively, are Inflatable Zoo, Inc. d/b/a Space Walk and Angela Burgess d/b/a Space Walk of Fishers. For purposes of this appeal, we use the names set forth in Haney's original complaint, that is, "Space Walk" for Inflatable Zoo, Inc. d/b/a Space Walk and "Space

**Altice, Judge.**

# Case Summary

[1] Katie Haney sustained a spinal fracture after going down an inflatable water slide. She sued, and the Appellees sought summary judgment. On appeal, Haney argues that the trial court improperly granted summary judgment in favor of the Appellees.

[2] We affirm.

# Facts & Procedural History

[3] Space Walk, a Louisiana corporation headquartered in Kenner, Louisiana, owns hundreds of inflatable objects, such as bounce houses, slides, and obstacle courses that it distributes to its representatives or partners in geographical locations across the country. The partners, in turn, market and rent the inflatables to customers in their locales for parties and group events. In 2013, the Space Walk partner in the Indianapolis area was Angela Burgess, who, with the aid of her husband Shawn, conducted operations as Space Walk of Fishers.

[4] On Saturday, August 24, 2013, the Ball State University chapter of Theta Chi fraternity was the host of an annual philanthropic event known as "Waterdaze," which took place at LaFollette Field on Ball State's campus. The

Walk of Fishers" for Angela Burgess d/b/a Space Walk of Fishers. Collectively, the appellees will be referred to as "the Appellees."

event involved teams of five players each, recruited by fraternity and sorority members, competing in a series of games and contests in an open field. Scores and/or times were noted, and the results were tabulated to determine the winners. Net proceeds raised from entry fees and company sponsorships were donated to charity. Traditionally, the Theta Chi members would invite a sorority to partner with them in hosting the event. In 2013, Alpha Gamma Delta (AGD sorority) was the co-host.

[5] Geoffrey Wolfe, a member of Theta Chi, was the organizer of the 2013 Waterdaze event. Wolfe contacted Space Walk of Fishers, via email, and arranged to rent an inflatable obstacle course and an inflatable wet/dry slide that was to be used as a water slide for the event. The obstacle course was part of the competition. The slide, however, was "just there for fun" and to allow the players to "cool down." *Appellees' Brief* at 10.

[6] At around 9:30 on Saturday morning, Shawn arrived at the site with his son, who assisted him in setting up the inflatables. The setup was completed sometime between 10:30 and 11:00 a.m. Waterdaze was scheduled to begin at 11:00 a.m. The slide was approximately eighteen feet high and was inflated by an air compressor that was attached to the rear of the slide. There were two warning labels affixed to the front of the slide. The label located on the lower right-hand side of the slide contained the following pertinent warning: "CAUTION ! . . . DO NOT ALLOW MORE THAN ONE PERSON AT A TIME TO SLIDE ON SLIDES !" *Appellant's Appendix Vol. 3* at 27. The other label, located on the left side of the slide, next to the stairs, read:

DO NOT MIX SIZES
Safety
First!

CONSTANT ADULT
SUPERVISION REQUIRED

Do not exceed the maximum number of riders shown on your
rental agreement.

All riders should be approximately the same weight and height to
avoid injury.

DO NOT MIX SIZES

*Id.* at 28. The label included a pictogram illustrating the warning. The labels were designed, and their content composed, by individuals at Space Walk's corporate offices in Louisiana. The labels were affixed to the slide by the slide's manufacturer, a foreign entity.

[7] During his deposition, Shawn stated that, after setup was completed, he spoke to a person he thought was Wolfe about the inflatables. Specifically, he told Wolfe how to manage the traffic flow on the inflatables, what to do if an inflatable lost air, that only one person should be on the slide at a time, that someone should supervise the slide at all times, and that the bottom of the slide should be clear before the next person proceeded down the slide. Shawn also stated that he escorted Wolfe on an inspection of the inflatables during this discussion. Wolfe, in his deposition, denied receiving warnings or instructions about the inflatables or participating in an inspection.

[8] Shawn brought with him that morning an unsigned Space Walk of Fishers rental agreement that listed "Geoff Wolfe" and "[B]all [S]tate" as the "Lessee." *Id.* at 24. Matthias Dorau, Theta Chi's then-treasurer, signed the rental agreement and paid Space Walk of Fishers with a Theta Chi check. The rental agreement contained a section indicating that the signatory had read and understood Space Walk's safety rules and had been instructed on how to use the inflatables. The agreement specifically provided that "the Lessee or using party shall be in charge of operation, [sic] and is fully responsible for operation after receiving unit." *Id.* The maximum number of riders at one time for the water slide was listed as "1" on the rental agreement. *Id.* However, neither the warning labels nor the rental agreement contained a specific warning that the landing area of the slide should be clear before the next person proceeded down the slide. Space Walk of Fishers was not contracted to stay and supervise the use of the inflatables.

[9] Devan Sadler, a member of Theta Chi, was stationed at the inflatable obstacle course and was responsible for explaining the rules to the players and to record the time of each team. He was located between the obstacle course and the slide. Chandler Lawson, a member of AGD sorority, assisted him. No one was assigned to oversee the operation of the slide.

[10] Haney was a member of AGD sorority. She recruited a team of five men from the Sigma Chi fraternity for the Waterdaze event, including Mitch Good, Eric Hawk, and Chris Watson. Haney served as her team's leader. Around 11:30 a.m., Haney, Mitch, Eric, and Chris decided to use the slide. Haney stated in

her deposition that before going on the slide, she saw the top of the slide deflate and then re-inflate before she and the others climbed the stairs to the top of the slide. Haney did not stop to read the warning labels affixed to the front of the slide before using it.

[11] Eric descended the slide first and exited the landing. Mitch then went down the slide, as Haney and Chris waited on the top. Haney and Chris then went down the slide together – Haney on the left, Chris on the right. Mitch, however, had not yet exited the landing area at the bottom of the slide and was directly in Haney's path. When Haney realized she was going to hit Mitch, she tried to turn away but could not avoid colliding with him.

[12] As a result of the collision, Haney sustained a "comminuted 'burst fracture'" of her first lumbar vertebra. *Appellant's Brief* at 8. She was eventually transported to Methodist Hospital in Indianapolis where she underwent extensive surgical stabilization and fracture repair the following day. Haney incurred in excess of $300,000 in medical expenses. She was also found to have permanent impairment.

[13] On August 11, 2015, Haney filed a complaint against Space Walk, Space Walk of Fishers, and Shawn Burgess, together with Theta Chi and AGD sorority. The complaint was in two counts. The first count, premised on claims of negligence, read specifically and in relevant part:

> The Space Walk defendants negligently failed to provide
> instructions and/or train their partners, agents and employees as
> to how to adequately prepare, design and install its inflatable

> water slide so as to prevent the risk of severe injury occasioned by deflation of the slide while it was in use.
>
> The Space Walk defendants negligently installed the inflatable water slide . . . .

*Appellant's Appendix Vol. 2* at 37. The second count was a product liability claim. Theta Chi and AGD sorority were eventually dismissed from the case, and the case proceeded against the remaining defendants, now Appellees.

[14] On January 17, 2017, the Appellees moved for summary judgment, claiming entitlement to judgment as a matter of law on the following bases: 1) the defendants owed no duty to Haney and therefore could not be responsible for her injury; 2) deflation of the slide was not a proximate cause of Haney's injury; and, 3) regarding Haney's product liability claim, the inflatable slide was not defective and was compliant with applicable standards and the industry state of art. Haney filed her response on October 2, 2017, asserting that genuine issues of material fact existed regarding the "[Appellees] negligence in failing to [provide adequate training]" and "their placement into the stream of commerce a defective product." *Id.* at 105. The Appellees filed a reply on October 24, 2017.

[15] On November 16, 2017, the trial court heard arguments on the summary judgment motion. On December 8, 2017, the trial court entered its order granting the Appellees' motion, concluding in relevant part:

The [Space Walk] Defendants fulfilled the duty to warn required under Indiana Law. The slide contained clear warnings that only one person should go down the slide at one time, and the slide should be used under constant supervision.

*****

As Defendants point out, the Indiana Supreme Court has held there is no duty to warn the user to read the warnings. *Ford Motor Co. v. Rushford*, 868 N.E.2d 806 ([Ind.] 2007).

*Id.* at 30. Haney now appeals. Additional facts will be provided as necessary.

# Discussion & Decision

## Motion to Strike

Initially, we address the Appellees' motion to strike all references to Joshua Rooney's[2] deposition in Haney's brief and appendix. The Appellees allege that the deposition was not designated to the trial court during the summary judgment proceedings and, therefore, cannot be used to support a reversal.[3] In her response, Haney argues that because the trial court's order granting summary judgment in favor of the Appellees was an entry of summary judgment on a different issue than that presented by the Appellees, Trial Rule

---

[2] Joshua Rooney was the president of Theta Chi at the time of the 2013 Waterdaze event.

[3] *See* Trial Rule 56(H) which provides: "No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court."

56(H) is not implicated. Thus, according to Haney, references to Joshua Rooney's deposition should not be stricken. We find that, for reasons explained below, the trial court did not enter summary judgment on a different issue than that presented by the Appellees. Therefore, by separate order issued contemporaneously with this opinion, we grant the Appellees' motion to strike.

## Entry of Summary Judgment on Issue Not Raised

[17] Haney first argues that the trial court erred because it "entered summary judgment on the basis of an issue not identified in the [Appellees'] Motion for Summary Judgment." *Appellant's Brief* at 24. According to Haney, the trial court did not address the issue presented by the Appellees in their summary judgment motion, that is, whether the Appellees owed Haney a duty. Haney maintains that the trial court addressed an issue not raised by the Appellees, that is, whether the Appellees discharged the duty they owed to Haney by providing adequate warnings and instructions regarding the use of the slide. Haney contends that she did not have a fair chance to prepare and present materials in opposition to the trial court's conclusion in this regard. She concedes that "there were hints that these issues were in play" but argues that "the defendants' motion and explicit arguments were focused on the issue of whether the duty existed at all, not whether it had been discharged, and it cannot be said that plaintiff got a fair opportunity to address the latter question before the court ruled on it adversely to her." *Id.* at 28.

[18] Haney correctly asserts that entering summary judgment on an issue that no party has moved for summary judgment is a practice discouraged by our

precedent. *See, e.g., State ex rel. Van Buskirk v. Wayne Twp.*, 418 N.E.2d 234, 247 (Ind. Ct. App. 1981) (courts "should rarely enter summary judgment sua sponte on an issue upon which no party has moved for summary judgment"). However, we find that the trial court's order granting summary judgment in favor of the Appellees was not entered on an issue different from that presented by the Appellees. In the Appellees' motion for summary judgment, they referenced the warning signs being permanently affixed to the slide and asserted that the warning signs were prominently displayed and were not altered, specifically:

> Shawn Burgess testified that Deposition Exhibit 26 was a photograph of the inflatable water slide involved in this case. He stated that Exhibit 26 accurately depicted the way the slide looked on August 24, 2013. The warning signs depicted on Exhibit 26 were permanently affixed to the slide. The warnings were adhered to the inflatable slide the entire time that Space Walk of Fishers had the inflatable slide. (Shawn Burgess Depo., Exhibit F, pp. 64-65; Exhibit 26.)

> The warning signs depicted on Deposition Exhibit 26 were on the slide when it came to Space Walk of Fishers in 2011 and remained on the slide until Space Walk of Fishers sent it back [to Space Walk]. (Shawn Burgess Depo., Exhibit F, pp. 67-68.)

> \*\*\*\*\*

> The warnings were "[a]dequately prominent so that they could be read by persons who were using the slide." (Angela Burgess Depo., Exhibit E, p. 61; Exhibits 27 and 28.)

*Appellant's Appendix Vol. 2* pp. 67-69. Thus, Haney had notice that the Appellees' argument that summary judgment should be granted in their favor was at least in part based upon their contention that adequate warnings had been provided to Haney. No error occurred here.

## Summary Judgment – Duty to Warn

[19] We now turn to Haney's argument that the trial court improperly granted summary judgment in favor of the Appellees. We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of … the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

[20] The initial burden is on the summary-judgment movant to "demonstrate … the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment

and facilitate appellate review but are not binding upon this court. *Henderson v. Reid Hosp. & Healthcare Servs.*, 17 N.E.3d 311, 315 (Ind. Ct. App. 2014), *trans. denied*. We will affirm upon any theory or basis supported by the designated materials. *Id*. When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id*.

[21] Indiana's Product Liability Act imposes liability upon sellers of a product in a defective condition unreasonably dangerous to any user or consumer. *Morgen v. Ford Motor Co.*, 797 N.E.2d 1146, 1148 (Ind. 2003). The Act "governs all actions that are: 1) brought by a user or consumer; 2) against a manufacturer or seller; and 3) for physical harm caused by a product … regardless of the substantive legal theory or theories upon which the action is brought." Ind. Code § 34-20-1-1. "'Seller', for purposes of I.C. 34-20, means a person engaged in the business of selling or leasing a product for resale, use, or consumption." Ind. Code § 34-6-2-136.

[22] Here, Haney proceeded against the Appellees under theories of both negligence and strict liability. To prevail on a claim of negligence, a plaintiff is required to prove: 1) a duty owed by the defendant to the plaintiff; 2) a breach of that duty by the defendant; and 3) an injury to the plaintiff proximately caused by the breach. *Benton v. City of Oakland City*, 721 N.E.2d 224, 232 (Ind. 1999). Similarly, with respect to strict liability actions, the plaintiff must prove that: 1) the product was defective and unreasonably dangerous; 2) the defective condition existed at the time the product left the defendant's control; and 3) the

defective condition was the proximate cause of the plaintiff's injuries. *Coffman v. PSI Energy, Inc.*, 815 N.E.2d 522, 527 (Ind. Ct. App. 2004), *trans. denied*.

[23] Under either theory, a product may be defective under the Act where the manufacturer or seller/renter fails in its duty to warn of a danger or instruct on the proper use of the product as to which the average consumer would not be aware. *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007) (citing *Hoffman v. E.W. Bliss Co.*, 448 N.E.2d 277, 281 (Ind. 1983). This duty is twofold: 1) to provide adequate instructions for safe use and 2) to provide a warning as to dangers inherent in improper use. *Rushford*, 868 N.E.2d at 810. "[I]n an action based on ... an alleged failure to provide adequate warnings or instructions regarding the use of the product, the party making the claim must establish that the manufacturer or seller failed to exercise reasonable care under the circumstances in ... providing the warnings or instructions." I.C. § 34-20-2-2. Although the adequacy of warnings, which implicates breach of duty, is generally a question of fact for the trier of fact to resolve, the nature of the duty to provide warnings is a question of law to be decided by the court. *Benton*, 721 N.E.2d at 232. Absent a duty, there can be no breach of duty and thus no negligence or liability based upon the breach. *Peters v. Forster*, 804 N.E.2d 736, 738 (Ind. 2004). Thus, when it is determined that no duty exists, summary judgment is appropriate. *Reed v. Beachy Const. Corp.*, 781 N.E.2d 1145, 1148-49 (Ind. Ct. App. 2002), *trans. denied*.

[24] Haney claims the Appellees had a "nondelegable duty to provide adequate warnings and instructions for [the] safe use of the inflatable slide to the person who would actually be using it." *Appellant's Brief* at 29. She maintains that:

> If she had been warned that the nature of an inflatable slide might impede the ability of a user to exit as quickly as on the solid metal playground variety, especially if it was having difficulty remaining fully inflated and that it was important for users to wait until the bottom was clear, presumably she would have done so and this incident would not have occurred.

*Id*. at 30.

[25] Haney's claim is similar to that raised in *Rushford*, 868 N.E.2d 806. In *Rushford*, a duty-to-warn case, a seventy-two-year-old, four-foot-eleven-inches-tall woman was riding in the front seat of a Ford Focus when her husband collided with another car. The front-seat passenger-side air bag deployed, and the woman sustained injuries. She brought an action against the manufacturer and the dealer under theories of negligence and strict liability in tort, alleging failure to provide adequate warning as to the potential hazard of front-seat air bags to short adults. Our Supreme Court found that a retail merchant has a duty to warn a buyer of the danger posed by a product it sells. However, the Court held that, "absent special circumstances, if the manufacturer provides adequate warnings of the danger of its product and the seller passes this warning along to the buyer or consumer, then the seller has no obligation to provide additional warnings." *Id*. at 811.

Haney claims that the trial court erred in granting summary judgment in favor of the Appellees because "[i]n this case there are multiple questions of fact which should properly be resolved by a jury as to whether the plaintiff and the other students using the slide that day ever received anything in the way of instructions or warning with regard to the safe use of the slide." *Appellant's Brief* at 31. According to Haney:

> It is also not enough to just point out a few cautionary instructions to someone who might be authorized to receive them on behalf of the organization renting the inflatable; paste a few confusing instructional signs at ground level; and insert a few incongruous "safety rules" in a rental agreement that the renters may never have read. The duty to warn extends to the people who need to be warned, the people who will actually be using the slide. In this instance, there are at the very least dramatic questions of fact as to whether those warnings ever were delivered to the students at Water Daze [sic], and no question at all that a warning to await disembarkation of the previous rider at peril of a broken spine was never given.

*Id*. at 32.

A seller with knowledge that a product involves danger to users has a duty to give a warning of such danger at the time of sale and delivery. *See Nat. Gas Odorizing, Inc. v. Downs*, 685 N.E.2d 155, 162 (Ind. Ct. App. 1997) ("[T]he manufacturer, seller or distributor of a product has a duty to warn those persons it should reasonably foresee would be likely to use its product or who are likely to come into contact with the danger inherent in the product's use.") (citing 63A Am. Jur. 2d *Products Liability* § 1188 (1997)), *trans. denied*. In the absence

of any evidence that the product has been modified in some fashion and that the seller knew or should have known of any such modification, its duty to warn is discharged where the seller provides the buyer with the manufacturer's warning of the danger at issue. *Rushford*, 868 N.E.2d at 811. "Where warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous." *See Dias v. Daisy-Heddon*, 180 Ind. App. 657, 662, 390 N.E.2d 222, 225 (1979) (quoting Restatement (Second) of Torts § 402A cmt. J. (1976)).

[28] Here, the manufacturer of the inflatable slide (the foreign entity) attached the warning labels to the slide. The slide was delivered to Space Walk of Fishers by Space Walk with the warning labels attached. When Space Walk of Fishers delivered the slide to Theta Chi at the Waterdaze event, the slide contained the warning labels. Space Walk of Fishers was not contracted to stay and supervise the use of the slide. The warnings regarding the use of the slide were placed in conspicuous locations on the front of the slide in varying letter types and fonts. One of the warning signs indicated that only one person at a time should descend the slide. Haney admits that she did not read the warnings and there is no designated evidence that Haney was unable to read and understand the warnings or that the warnings were not sufficiently specific to convey the general hazards associated with improper use of the slide.

[29] Haney argues essentially that the Appellees had a duty to warn her that she should wait until the landing area of the slide was clear before proceeding down

the slide. We find, however, that under these circumstances, having provided Haney with the manufacturer's warnings, through the labels on the slides, regarding the hazards of using the slide, the Appellees were under no duty to advise Haney to read the manufacturer's warnings or to provide the specific warning that Haney argues was lacking. *See Rushford*, 868 N.E.2d at 811 ("we conclude that having provided Rushford with the manufacturer's warning, [the car dealer] was under no duty to give Rushford additional warnings, including advising Rushford to read the manufacturer's warnings based on [the car dealer's] knowledge of 'Rushford's peculiar characteristic'"). Also, no additional warnings need to be furnished where such warnings would not supplement the user's understanding of the nature and characteristics of the product. *See Shanks v. A.F.E. Indus., Inc.*, 275 Ind. 241, 249, 416 N.E.2d 833, 837 (1981); *Birch v. Midwest Garage Door Sys.*, 790 N.E.2d 504, 518 (Ind. Ct. App. 2003). We agree with our Supreme Court in *Rushford* that to conclude otherwise under these circumstances would place sellers like the Appellees "in the position of attempting to determine which particular manufacturer warnings may be of unique importance to an individual consumer and then direct the consumer's attention to those warnings ... [which would be] an untenable position and an unnecessary burden." *Rushford*, 868 N.E.2d at 811-12; *see also McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 656 (7th Cir. 1998) (plaintiff's argument that warning should have indicated that hot coffee can cause third-degree burns was rejected, and the court noted "[a]ny person severely injured by any product could make a claim, at least as plausible as the McMahons',

that they did not recognize the risks *ex ante* as clearly as they do after the accident").[4]

[30] Judgment of the trial court is affirmed.

Najam, J. and Robb, J., concur.

---

[4] Since our resolution of this issue is dispositive, we do not reach Haney's claim concerning whether the trial court improperly weighed evidence in reaching its conclusion that summary judgment should be awarded in favor of the Appellees and whether genuine issues of fact exist as to Haney's negligence claims.